IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HUGHES SYSTIQUE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:12cv1498 (TSE/JFA) |
| | ) |
| HSC.COM, | ) |
| an Internet Domain Name, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for entry of final default judgment. (Docket no. 15). In this *in rem* action involving the defendant domain name <hsc.com> ("the defendant domain name"), plaintiff Hughes Systique Corporation ("HSC") seeks a default judgment ordering that: (1) as owner of the <hsc.com> domain name, HSC may change the registrar of the defendant domain name to a registrar of its own choosing and otherwise exercise any and all other rights of ownership; and (2) the $500.00 preliminary injunction bond be returned to HSC.[1] (Docket no. 15-1). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On December 27, 2012, HSC filed its complaint ("Compl.") against the defendant domain name pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection

---

[1] This is the relief sought by HSC in the proposed order attached to the motion for entry of final default judgment (Docket no. 15-1) and it takes into account the preliminary injunction previously entered by the court (Docket no. 9).

1

Act, 15 U.S.C. § 1125(d) ("ACPA"). (Docket no. 1). The prayer for relief in HSC's complaint sought: (1) entry of a judgment that the theft, registration, and use of the defendant domain name violates the ACPA; (2) an order directing the registry, VeriSign, Inc. ("VeriSign"), to change the registrar of the defendant domain name to a registrar of HSC's choosing and thereafter be registered in HSC's name; and (3) such other, different, and additional relief as the court deems just and proper. *Id.*

On December 26, 2012, counsel for HSC sent a letter by U.S. Mail and e-mail concerning notice of the alleged violation of the ACPA and plaintiff's intent to proceed under the ACPA to the registrant of the defendant domain name "LinYu" in care of the registrar, eName Technology Co., Ltd. ("eName"). (Compl. ¶¶ 4, 8, 19; Docket no. 1-3, Ex. C). As alleged in the complaint, the defendant domain name was registered with the registrar GoDaddy, Inc. ("GoDaddy") and owned by HSC prior to December 14, 2012, when HSC learned that unknown hackers had accessed HSC's GoDaddy account and transferred the domain name to eName, a Chinese registrar. (Compl. ¶¶ 12-14).

On December 27, 2012, HSC filed an emergency motion for preliminary injunction (Docket no. 2) along with a memorandum in support (Docket no. 3), a declaration by Ajay Kumar Gupta (Docket no. 4) ("Gupta Decl."), and a notice of hearing for January 2, 2013 (Docket no. 5). In support of its emergency motion for preliminary injunction, HSC stated that after learning that <hsc.com> had been hijacked, it worked diligently, but without success, to recapture the stolen domain name. (Docket no. 3). HSC argued that as a result of the hijacking, it was subject to having its e-mail communications intercepted and controlled by the unknown registrant and it was unable to manage its web page and internet presence. *Id.* Accordingly, HSC argued that it had no adequate remedy at law. *Id.* On January 3, 2013, the court entered an

Order Granting Preliminary Injunction. (Docket no. 9). As stated in that Order, the court found that: (1) HSC had demonstrated a strong likelihood of succeeding on the merits of its claim that "HSC" is a protectable trademark, that the <hsc.com> domain name had been hijacked, and that the "HSC" mark had been used in the domain name in commerce in such a manner as to cause confusion, or to cause mistake, or to deceive; (2) HSC was suffering irreparable harm due to the loss of control over its website and confidential e-mail account; (3) the balance of equities weighed strongly in favor of HSC, and (4) the issuance of an injunction was clearly in the public interest. *Id.* The court ordered: (1) VeriSign to change the registrar of the <hsc.com> domain name back to GoDaddy and to permit the domain name to be registered in HSC's name; (2) HSC to publish notice of this action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(II)(aa) in *The Washington Post* or *The Washington Times*; (3) HSC to post a bond of $500.00; (4) HSC to send a copy of the pleadings by e-mail or facsimile to eName and to the registrant in care of eName at seven different e-mail addresses and to serve a copy of the pleadings filed in this action and a copy of the court's Order on VeriSign and GoDaddy; and (5) HSC to take "prompt action" to move the court for summary judgment and/or final judgment upon 21 days passing from the date the notice of this action was published. *Id.*

On January 11, 2013, HSC posted the preliminary injunction bond in the amount of $500.00, which was deposited into the registry of the court. (Docket no. 11). On January 16, 2013, Andrew N. Cook filed an affidavit certifying that service had been accomplished as directed in the January 3, 2013 Order. (Docket no. 12) ("Cook Aff."). As stated in the affidavit: (1) notice of this action was published in *The Washington Post* on January 9, 10, and 11, 2013; (2) HSC sent a copy of the pleadings in this action by e-mail to ename.com and to the registrant in care of ename.com at the following addresses: <1001@ename.com>, <cw@ename.com>,

3

<kfts@ename.com>, <abuse@ename.net>, <abuse@iidns.com>, <abuse@ename.com>, and <abuse@hsc.com>; (3) HSC's counsel served a copy of the pleadings filed in this action on VeriSign along with a copy of the January 3, 2013 Order; and (4) HSC served a copy of the pleadings filed in this action along with a copy of the January 3, 2013 Order on GoDaddy.

Other than the claim by HSC, no response, claim, or other pleading has been filed by anyone asserting any right or claim to the defendant domain name. On February 6, 2013, HSC filed a request for entry of default (Docket no. 13) along with a declaration in support by Andrew N. Cook (Docket no. 13-1) ("Cook Decl."). The Clerk of the Court entered a default against the defendant domain name on February 7, 2013. (Docket no. 14). On February 11, 2013, HSC filed a motion for entry of final default judgment (Docket no. 15) with a memorandum in support (Docket no. 16) and a notice of hearing date set for February 22, 2013 (Docket no. 17). On February 22, 2013, counsel for plaintiff appeared before the undersigned as noticed and no one appeared on behalf of, or to assert an interest in, the defendant domain name. During the hearing on February 22, 2013, counsel for HSC confirmed that VeriSign had complied with the Order Granting Preliminary Injunction by changing the registrar for the defendant domain name to GoDaddy and that the defendant domain name is now registered in HSC's name. Counsel for HSC also stated that he is unaware of any action taken by the registrant LinYu or the registrar eName following VeriSign's changing of the registrar back to GoDaddy.

**Factual Background**

The following facts are established by the complaint (Docket no. 1), the memorandum in support of the emergency motion for preliminary injunction (Docket no. 3), the declaration in support of the emergency motion for preliminary injunction (Docket no. 4), and the memorandum in support of the motion for entry of final default judgment (Docket no. 16).

HSC is a Delaware corporation with a principal place of business in Rockville, Maryland. (Compl. ¶ 6). The defendant domain name is an Internet domain name that, at the time the complaint was filed, was registered to an unknown person "LinYu" through the Chinese domain name registrar eName. (Compl. ¶¶ 2, 4). VeriSign, the registry for all domain names in the <.com> top level domain, has its principal place of business in Reston, Virginia. (Compl. ¶ 6).

HSC states that the defendant domain name was hijacked from HSC by unknown hackers and was transferred to a domain name registrar in China. (Compl. ¶ 2). Prior to the alleged hijacking, the defendant domain name was registered by HSC through the domain name registrar GoDaddy in or about 2005 and had been in continual use by HSC since that time. (Compl. ¶¶ 3, 12, 13). HSC states that the domain name <hsc.com> was originally registered by Hughes Space and Communications Company in 1998, was transferred to HSC in 2005, and has been owned by, used by, and registered to HSC since that time. (Compl. ¶ 12). HSC asserts that the defendant domain name is the <.com> version of HSC's mark. (Compl. ¶ 3). Since 2005, HSC has used the defendant domain name to host HSC's publicly facing website and provide e-mail addresses and connectivity to HSC's employees. (Compl. ¶ 12). On or about December 14, 2012, HSC learned that the defendant domain name had been hijacked from HSC by unknown hackers and transferred to the Chinese domain name registrar eName. (Compl. ¶¶ 2, 4, 14). HSC alleges that unknown hackers accessed its GoDaddy account and transferred the defendant domain name to eName without HSC's permission. (Compl. ¶ 14). HSC states that it asked GoDaddy to contact eName to request that eName return the domain name to GoDaddy, but eName refused that request. (Compl. ¶ 15).

HSC is a telecommunications company that does business in Maryland and India and is partly owned by Hughes Network Systems, LLC, which provides global Internet and

5

telecommunications services. (Compl. ¶ 10). HSC states that it has used the "HSC" mark in the United States and India since HSC was formed in 2005 and that "HSC" is the mark by which HSC is commonly known. (Compl. ¶ 3). Since the time of its formation, HSC states that it has used the "HSC" mark in describing its business and operations. (Compl ¶ 11).

HSC states that the unknown registrant's use of the domain name <hsc.com> violates HSC's rights in a mark that is protected under 15 U.S.C. § 1125(a). (Compl. ¶¶ 17, 18). HSC alleges that the unknown registrant's registration and use of the defendant domain name was without right or authority and that it was likely to cause confusion, or mistake, or deception as to the affiliation, connection, or association with HSC. (Compl. ¶ 17). HSC also states that the use of the defendant domain name by anyone other than HSC is likely to deceive Internet users as to the origin, sponsorship, or approval of the commercial activities described at the website located at <www.hsc.com>. *Id.* HSC states that the person or entity responsible for the hijacking of the defendant domain name acted with the bad faith intent to profit from the use of HSC's mark and from the registration and use of that domain name. *Id.*

HSC states that the theft, registration, and unauthorized use of the defendant domain name resulted in irreparable injury to HSC because, without the ability to control the defendant domain name, HSC was unable to conduct e-mail operations, it was subject to having its e-mail communications intercepted and controlled by another, and it was unable to manage its website and Internet presence. (Compl. ¶ 20).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of anyone to file a responsive pleading or claim

to the defendant domain name in a timely manner, the Clerk of the Court has entered a default as to the defendant domain name. (Docket no. 14).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").

## Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. HSC's claim arises under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

The next question is whether the court has *in rem* jurisdiction over the domain name <hsc.com> pursuant to Section 43(d)(2)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(2). The first required element for *in rem* jurisdiction over a domain name is satisfied when the domain name violates any right of the owner of a mark registered with the Patent and Trademark Office, or a mark protected under subsection (a) or (c). *See* 15 U.S.C. § 1125(d)(2)(A)(i). The "HSC" mark is not registered with the Patent and Trademark Office so in order to establish jurisdiction in this case, the plaintiff must show that the "HSC" mark is entitled to protection under 15 U.S.C. § 1125(a) or (c). As this court has noted in the past, "§ 43(a) of the Lanham Act 'generally has been construed to protect against trademark, service mark, and trade name infringement even though the mark or name has not been federally registered.'" *Washington*

*Speakers Bureau, Inc. v. Leading Authorities, Inc.*, 33 F. Supp. 2d 488, 494 (E.D. Va. 1998) (citing *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)). Since the "HSC" mark is not a registered trademark, plaintiff has the burden of showing that it is entitled to protection under the Lanham Act. *Id.* Where the mark in issue is not federally registered, a mark holder seeking Section 1125(a) relief must establish that the mark has been used in American commerce and that the mark is at least distinctive. *International Bancorp, L.L.C. v. Societe Des Baines De Mer et du Cercle des Estrangers a Monaco*, 192 F. Supp. 2d 467, 479 (E.D. Va. 2002).

In this case, the plaintiff alleges that "HSC" is the mark by which it has become commonly known within the Internet and telecommunications industry since its formation in 2005 and is also the mark that is used to describe its business, operations, products, and services in the United States and India. (Gupta Decl. at ¶¶ 2, 3). Plaintiff also alleges that "HSC" is the mark used in HSC's e-mail to its clients and customers. (Gupta Decl. at ¶ 3). Given that the defendant has failed to respond to the complaint, these allegations are deemed admitted. These allegations establish that HSC has achieved recognition in the global telecommunications industry (including the United States where it has its principal place of business), that it has built a brand around the "HSC" mark, and that the "HSC" mark has been used in commerce. Notably, in granting plaintiff's motion for preliminary injunctive relief, the court stated its finding that HSC had a strong likelihood of succeeding on the merits of its claim that the "HSC" mark is a protectable trademark. (Docket no. 9). Given these allegations and the court's earlier finding that HSC likely has a protectable trademark, the undersigned recommends a finding that the "HSC" mark is protected under 15 U.S.C. § 1125(a) and the first part of the test for *in rem* jurisdiction contained in 15 U.S.C. 1125(d)(2)(A)(i) is satisfied.

The ACPA also conditions *in rem* jurisdiction upon a finding that the trademark owner: (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA; or (b) through due diligence cannot find the person who would have been a defendant in such an action, having sent that person postal and electronic notice of both the alleged violation and the owner's intent to sue. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). It is clear from the allegations set forth in the complaint that HSC was unable to obtain personal jurisdiction over the person or entity hijacking the defendant domain name. On December 26, 2012, HSC's counsel sent notice of the alleged violation and intent to proceed under the ACPA to the registrant "LinYu" in care of the registrar eName at the postal and e-mail addresses for eName. (Compl. ¶ 4, 8, 19; Docket no. 1-3, Ex. C).[2] In addition, in accordance with the court's January 3, 2013 Order Granting Preliminary Injunction, HSC published notice of this action in *The Washington Post* on January 9-11, 2013. (Cook Aff. at ¶ 1; Docket no. 12, Ex. A). HSC also sent a copy of the pleadings filed in this action by e-mail to the registrant in care of eName at seven e-mail addresses. (Cook Aff. at ¶ 2; Docket no. 12, Ex. B). HSC has established that it was unable to find a person who would have been a defendant in this action and that the required notice of the violation and intent to proceed was provided in a sufficient manner.

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign, the exclusive registry for the <.com> top level domain names, including the defendant domain name, has offices within this district and division. (Compl. ¶ 6).

---

[2] As shown in the WhoIs record attached to the complaint as exhibit A, the registrant "LinYu" did not provide a postal or e-mail address that was available to the public.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain name, and that venue is proper in this court.

### Service

On December 26, 2012, counsel for HSC sent a letter concerning notice of the alleged violation of the ACPA and plaintiff's intent to proceed under the ACPA to the registrant of the defendant domain name LinYu at the postal and e-mail addresses for the registrar eName. (Docket no. 1-3, Ex. C). Pursuant to the court's Order Granting Preliminary Injunction (Docket no. 9), notice of this action was published in *The Washington Post* on January 9-11, 2013 (Cook Aff. at ¶ 1), HSC sent a copy of the pleadings to the registrant in care of eName at several e-mail addresses (Cook Aff. at ¶ 2), HSC served a copy of the pleadings filed in this action on VeriSign (Cook Aff. at ¶ 3), and HSC served a copy of the pleadings filed in this action on GoDaddy (Cook Aff. at ¶ 4). As set forth in the notice published in *The Washington Post* (Docket no. 12, Ex. A) and the court's January 3, 2013 Order (Docket no. 9), any person asserting an interest in or right against the defendant domain name was required to file an answer or other response to the complaint within 21 days from the date of publication of the notice in *The Washington Post*. The 21-day time period for filing an answer or claim expired on February 1, 2013.[3] In addition, since VeriSign has complied with the court's order requiring the transfer of the registration for the defendant domain name from eName to GoDaddy and HSC is once again the registrant for the defendant domain name, eName and the previous registrant LinYu must have knowledge of that transfer and presumably the underlying reasons for the transfer.

---

[3] In its request for entry of default, plaintiff asserts that any responsive pleading was required to be filed with this court by Saturday, February 2, 2013. (Docket no. 13 at ¶ 7). However, 21 days from January 11, 2013, the (final) date of publication in *The Washington Post*, is Friday, February 1, 2013.

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(B). HSC has complied with these provisions and with the court's January 3, 2013 Order by providing notice and serving the pleadings as directed by the court.

For these reasons, the undersigned recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

Under Fed. R. Civ. P. 12(a), and as stated in the notice published in *The Washington Post*, anyone asserting a claim to the defendant domain name was required to file an answer or response with the Clerk of the Court by February 1, 2013. No responsive pleading was filed by the registrant LinYu or by anyone else claiming ownership of, or any right in, the domain name <hsc.com> and on February 6, 2013, HSC filed its request for entry of default. (Docket no. 13). The Clerk of the Court entered a default on February 7, 2013. (Docket no. 14). Upon obtaining default, HSC filed its motion for entry of final default judgment on February 11, 2013, along with a memorandum in support and a notice of hearing on February 22, 2013. (Docket nos. 15-17). On January 4, 2013, HSC provided the registrant (through eName), VeriSign, and GoDaddy with all pleadings filed prior to that date, including the court's January 3, 2013 Order. (Docket no. 12, Exs. B, C, D). It does not appear that HSC provided the registrant with copies of the motion for entry of final default judgment, the memorandum in support, or the notice of the hearing by either postal or electronic mail. (Docket nos. 15-17). However, a copy of these proposed findings of fact and recommendations will be sent to the postal and e-mail addresses as

11

required by the court in the January 3, 2013 Order, thereby providing notice of the motion for entry of final default judgment and the opportunity to file objections.

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the defendant domain name in a timely manner, and that the Clerk of the Court properly entered a default as to the defendant domain name.

## Liability and Relief Sought

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The relief sought in the motion for entry of final default judgment, as shown in the proposed order attached as an exhibit to that motion, is for the court to order that: (1) HSC, as the owner of the <hsc.com> domain name, may change the registrar of the <hsc.com> domain name to a registrar of its own choosing and otherwise exercise any and all other rights of ownership; and (2) the $500.00 preliminary injunction bond be returned to HSC. (Docket no. 15-1).

The court's January 3, 2013 Order granting plaintiff's request for preliminary injunctive relief directed VeriSign to change the registrar of the defendant domain name back to GoDaddy to restore the status quo prior to the apparent hijacking of the defendant domain name and thereafter permit the defendant domain name to be registered in HSC's name "until further order from this court." *Id.* The court also directed plaintiff, upon 21 days passing from the date of notice of this action having been published, "to take prompt action, as appropriate, to move this Court for Summary Judgment, and/or Final Judgment, for the relief requested by HSC in this

matter."[4] *Id.* Through this motion, HSC is seeking to have the preliminary injunction become the final judgment and to have the $500.00 bond released.

To state a claim under the ACPA, HSC must prove that the defendant domain name and/or its registrant registered, trafficked in, or used a domain name with a bad faith intent to profit and that the domain name is either identical or confusingly similar to a distinctive mark owned by HSC, or, upon a finding that a mark owned by HSC is famous, that the domain name is identical or confusingly similar to, or dilutive of, HSC's famous mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). Further, secondary meaning exists where there are extensive advertising expenditures, attempts to plagiarize a mark, and where a mark has been used exclusively for an extended period of time. *See, e.g., Perini Corp. v. Perini Constr. Inc.*, 915 F.2d 121, 125 (4th Cir. 1990).

HSC claims that defendant domain name is the <.com> version of plaintiff's "HSC" mark and that it has been continuously used by HSC to host its website and provide e-mail connectivity to its employees since HSC's formation in 2005. (Compl. ¶ 3). Plaintiff also claims that the "HSC" mark has been used in commerce in the United States and India and is the mark by which HSC is commonly known. *Id.* Since its formation in 2005, HSC states that it has used the "HSC" mark in connection with its business and operations. (Compl. ¶ 11). For these reasons, and for the reasons previously stated by the court in finding that HSC has a strong likelihood of succeeding on the merits of its claim that "HSC" is a protectable trademark in granting the motion for a preliminary injunction, the undersigned magistrate judge recommends

---

[4] In the complaint, HSC sought an order compelling VeriSign to change the registrar of <hsc.com> so that it could be returned to HSC and registered in HSC's name. (Compl. ¶ 5).

13

a finding that the "HSC" mark has been used in commerce in the United States, that it is distinctive, and that it is entitled to protection under 15 U.S.C. § 1125(a).

The next consideration is whether the defendant domain name is identical or confusingly similar to the "HSC" mark. Based on the uncontested allegations in the complaint and a simple comparison of the "HSC" mark and the defendant domain name, the undersigned magistrate judge recommends a finding that the "dominant or salient portions" of the "HSC" mark and defendant domain name are identical. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). Any use of the defendant domain name by someone other than HSC would clearly cause confusion.

Having recommended a finding that the "HSC" mark is distinctive and that the defendant domain incorporates the "HSC" mark, the remaining question is whether the person or entity who hijacked the defendant domain name acted with a bad faith intent to profit. For at least the following reasons and based on the court's previous finding that HSC had a strong likelihood of succeeding on the merits of its claim that the defendant domain name was hijacked (Docket no. 9), the undersigned recommends a finding that the registrant registered and used the defendant domain name with a bad faith intent to profit from the "HSC" mark:

1. The "HSC" mark, which has been incorporated into the domain name <hsc.com>, is distinctive within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(IX);

2. The registrant LinYu had no valid trademark or intellectual property rights in the "HSC" mark or the defendant domain name within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(I);

3. It appears that the defendant domain name does not consist of the registrant LinYu's legal name or in any way identifies the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

4. The registrant LinYu did not use the defendant domain name in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III) since the use of the "HSC" mark was without permission from the mark's owner;

5. The registrant LinYu did not use the defendant domain name for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV);

6. In order to obtain the registration for the defendant domain name, the registrant LinYu hacked into HSC's GoDaddy account and transferred the defendant domain name to eName without HSC's authorization or permission. The intent in obtaining the registration for the defendant domain name in this manner was to divert HSC's customers, profit from the goodwill of the "HSC" mark, and/or harm the goodwill represented by the mark by tarnishing or disparaging the mark and/or by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the website, within the meaning of 15 U.S.C. § 125(d)(1)(B)(i)(V); and

7. The registrant LinYu intentionally failed to maintain complete and accurate contact information in order to prohibit HSC or any other interested entity from obtaining contact information as to the true registrant, which may be considered misleading within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(VII).

The ACPA provides that, upon a finding of a violation, the court has discretion to cancel the domain name registration or order it transferred to the trademark owner. 15 U.S.C.

§ 1125(d)(1); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002) ("Transfer or cancellation of the defendant domain name[] is the only remedy available under § 1125(d)(2)'s *in rem* provision").

For these reasons, the undersigned magistrate judge recommends a finding that the registrant LinYu's actions violated the ACPA and that the registration for the defendant domain name should remain with HSC in accordance with the court's ruling on the motion for a preliminary injunction.

## Conclusion

For the foregoing reasons, the undersigned recommends that a default judgment be entered in favor of Hughes Systique Corporation and against the defendant domain name <hsc.com>. The undersigned further recommends that a Final Order be entered adopting and confirming the relief awarded in paragraph 1 of the Order Granting Preliminary Injunction entered on January 3, 2013 (Docket no. 9) and ordering that the preliminary injunction bond of $500.00 be returned to HSC.

## NOTICE TO PARTIES

Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed findings and recommendations and such failure shall bar you from attacking on appeal any findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

A copy of these proposed findings of fact and recommendations shall be sent to the registrar of the defendant domain name at LinYu, c/o eName Technology Co., Ltd., Fujian

Province, Xiamen Software Park, Wangha 19 603, China 361005 and to the following e-mail addresses: <1001@ename.com>, <cw@ename.com>, <kfts@ename.com>, <abuse@ename.net>, <abuse@iidns.com>, <abuse@ename.com>, and <abuse@hsc.com>.

ENTERED this 25th day of February, 2013.

                                                /s/
                                          John F. Anderson
                                        United States Magistrate Judge
                                        John F. Anderson
                                        United States Magistrate Judge

Alexandria, Virginia